**SUMMONS - CIVIL**
JD-CV-1   Rev. 2-20
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;
P.B. §§ 3-1 through 3-21, 8-1, 10-13

For information on ADA accommodations, contact a court clerk or go to: *www.jud.ct.gov/ADA*.

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
*www.jud.ct.gov*

RECEIVED
JUN 2 5 REC'D
OFFICE OF STATE MARSHAL
JOESEPH J. MARINAN

Instructions are on page 2.

- [ ] Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.
- [x] Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.
- [ ] Select if claiming other relief in addition to, or in place of, money or damages.

**TO: Any proper officer**
By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk *(Number, street, town and zip code)* | Telephone number of clerk | Return Date *(Must be a Tuesday)* |
|---|---|---|
| 1 Court Street, Middletown, CT | (860) 343-6400 | 08/04/2020 |

| | | At *(City/Town)* | Case type code *(See list on page 2)* |
|---|---|---|---|
| [x] Judicial District<br>[ ] Housing Session | G.A.<br>Number: | Middletown | Major: **C**   Minor: **20** |

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)* | Juris number *(if attorney or law firm)* |
|---|---|
| William C. Charamut, Attorney at Law, LLC. 1208 Cromwell Avenue, Rocky Hill, CT 06067 | 440408 |

| Telephone number | Signature of plaintiff *(if self-represented)* |
|---|---|
| (860) 563-1179 | |

The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book.   [x] Yes   [ ] No

E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book *(if agreed)*
souellette1@cox.net

| Parties | Name *(Last, First, Middle Initial)* and address of each party *(Number; street; P.O. Box; town; state; zip; country, if not USA)* | |
|---|---|---|
| **First plaintiff** | Name: County Wide Mechanical Services, LLC<br>Address: 31 Deming Road, Berlin, CT 06037 | P-01 |
| **Additional plaintiff** | Name:<br>Address: | P-02 |
| **First defendant** | Name: Regent Insurance Company<br>Address: One QBE Way, Sun Prarie, WI 53596 | D-01 |
| **Additional defendant** | Name: c/o Agent For Service: Connecticut Insurance Commissioner<br>Address: 153 Market Street, 7th Floor: Hartford, CT 06103 | D-02 |
| **Additional defendant** | Name:<br>Address: | D-03 |
| **Additional defendant** | Name:<br>Address: | D-04 |

Total number of plaintiffs: One    Total number of defendants: One    [ ] Form JD-CV-2 attached for additional parties

**Notice to each defendant**

1. **You are being sued.** This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney.
   **The court staff is not allowed to give advice on legal matters.**

| Date | Signed *(Sign and select proper box)* | [x] Commissioner of Superior Court<br>[ ] Clerk | Name of person signing<br>Steven A. Ouellette |
|---|---|---|---|
| 6/22/2020 | *(signature)* | | |

If this summons is signed by a Clerk:
a. The signing has been done so that the plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law.
c. The court staff is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint.

For Court Use Only
File Date

| I certify I have read and understand the above: | Signed *(Self-represented plaintiff)* | Date | Docket Number |
|---|---|---|---|

Print Form     Page 1 of 2     Reset Form

## Instructions

1. Type or print legibly. If you are a self-represented party, this summons must be signed by a clerk of the court.
2. If there is more than one defendant, make a copy of the summons for each additional defendant. Each defendant must receive a copy of this summons. Each copy of the summons must show who signed the summons and when it was signed. If there are more than two plaintiffs or more than four defendants, complete the Civil Summons Continuation of Parties (form JD-CV-2) and attach it to the original and all copies of the summons.
3. Attach the summons to the complaint, and attach a copy of the summons to each copy of the complaint. Include a copy of the Civil Summons Continuation of Parties form, if applicable.
4. After service has been made by a proper officer, file the original papers and the officer's return of service with the clerk of the court.
5. Use this summons for the case type codes shown below.
   Do *not* use this summons for the following actions:
   (a) Family matters (for example divorce, child support, custody, paternity, and visitation matters)
   (b) Any actions or proceedings in which an attachment, garnishment or replevy is sought
   (c) Applications for change of name
   (d) Probate appeals
   (e) Administrative appeals
   (f) Proceedings pertaining to arbitration
   (g) Summary Process (Eviction) actions
   (h) Entry and Detainer proceedings
   (i) Housing Code Enforcement actions

## Case Type Codes

| MAJOR DESCRIPTION | CODE Major/Minor | MINOR DESCRIPTION | MAJOR DESCRIPTION | CODE Major/Minor | MINOR DESCRIPTION |
|---|---|---|---|---|---|
| Contracts | C 00 | Construction - All other | Property | P 00 | Foreclosure |
| | C 10 | Construction - State and Local | | P 10 | Partition |
| | C 20 | Insurance Policy | | P 20 | Quiet Title/Discharge of Mortgage or Lien |
| | C 30 | Specific Performance | | P 30 | Asset Forfeiture |
| | C 40 | Collections | | P 90 | All other |
| | C 50 | Uninsured/Underinsured Motorist Coverage | | | |
| | C 60 | Uniform Limited Liability Company Act – C.G.S. 34-243 | Torts (Other than Vehicular) | T 02 | Defective Premises - Private - Snow or Ice |
| | C 90 | All other | | T 03 | Defective Premises - Private - Other |
| Eminent Domain | E 00 | State Highway Condemnation | | T 11 | Defective Premises - Public - Snow or Ice |
| | E 10 | Redevelopment Condemnation | | T 12 | Defective Premises - Public - Other |
| | E 20 | Other State or Municipal Agencies | | T 20 | Products Liability - Other than Vehicular |
| | E 30 | Public Utilities & Gas Transmission Companies | | T 28 | Malpractice - Medical |
| | E 90 | All other | | T 29 | Malpractice - Legal |
| | | | | T 30 | Malpractice - All other |
| Housing | H 10 | Housing - Return of Security Deposit | | T 40 | Assault and Battery |
| | H 12 | Housing - Rent and/or Damages | | T 50 | Defamation |
| | H 40 | Housing - Housing - Audita Querela/Injunction | | T 61 | Animals - Dog |
| | H 50 | Housing - Administrative Appeal | | T 69 | Animals - Other |
| | H 60 | Housing - Municipal Enforcement | | T 70 | False Arrest |
| | H 90 | Housing - All Other | | T 71 | Fire Damage |
| | | | | T 90 | All other |
| Miscellaneous | M 00 | Injunction | Vehicular Torts | V 01 | Motor Vehicles* - Driver and/or Passenger(s) vs. Driver(s) |
| | M 10 | Receivership | | V 04 | Motor Vehicles* - Pedestrian vs. Driver |
| | M 15 | Receivership for Abandoned/Blighted Property | | V 05 | Motor Vehicles* - Property Damage only |
| | M 20 | Mandamus | | V 06 | Motor Vehicle* - Products Liability Including Warranty |
| | M 30 | Habeas Corpus (extradition, release from Penal Institution) | | V 09 | Motor Vehicle* - All other |
| | M 40 | Arbitration | | V 10 | Boats |
| | M 50 | Declaratory Judgment | | V 20 | Airplanes |
| | M 63 | Bar Discipline | | V 30 | Railroads |
| | M 66 | Department of Labor Unemployment Compensation Enforcement | | V 40 | Snowmobiles |
| | | | | V 90 | All other *Motor Vehicles include cars, trucks, motorcycles, and motor scooters. |
| | M 68 | Bar Discipline - Inactive Status | | | |
| | M 70 | Municipal Ordinance and Regulation Enforcement | | | |
| | M 80 | Foreign Civil Judgments - C.G.S. 52-604 & C.G.S. 50a-30 | Wills, Estates and Trusts | W 10 | Construction of Wills and Trusts |
| | M 83 | Small Claims Transfer to Regular Docket | | W 90 | All other |
| | M 84 | Foreign Protective Order | | | |
| | M 89 | CHRO Action in the Public Interest - P.A. 19-93 | | | |
| | M 90 | All other | | | |

| | |
|---|---|
| RETURN DATE: August, 4, 2020 | : SUPERIOR COURT |
| COUNTY WIDE MECHANICAL SERVICES, LLC | : J.D. OF MIDDLESEX |
| VS. | : AT MIDDLETOWN |
| REGENT INSURANCE COMPANY | : JUNE 22, 2020 |

**FIRST COUNT 1- BREACH OF CONTRACT**

1. At all times mentioned herein, defendant Regent Insurance Company (hereinafter "Regent"), is an insurance company duly licensed to transact Insurance business in the State of Connecticut and to issue the insurance policy referred to herein.

2. At all times mentioned herein, plaintiff County Wide Mechanical Services, LLC (hereinafter "County Wide") is a Connecticut corporation with an address at 31 Deming Road, Berlin, CT 06037.

3. At all relevant times County Wide had a contract for insurance with the defendant Regent.

4. At all times mentioned herein all premiums on said policy had been paid, and said policy was in full force and effect.

5. This Complaint arises out an existing controversy and lawsuits pending in the Connecticut Superior Court, Judicial District of Middlesex, entitled *MCAP Sabine Pointe LLC D/B/A The Saybook at Haddam, et al v. PAC Group, LLC, et al* MMX CV 19-6026425 hereinafter "Underlying Action." (Entered on court docket on 10/16/19).

6. It is alleged in the underlying action that on or about November 14, 2014 an HVAC system installed by County Wide during a construction of a new building addition was first put into service and that the resulting failures of this HVAC system necessitated replacement of multiple compressors in the HVAC System and several circuit boards, valves and other components. Underlying Action, para.17.

7. MCAP Sabine Pointe (hereinafter "The Saybrook") also claims in its allegations against County Wide in the Underlying Action lawsuit that County Wide's failures in the installation of the HVAC unit caused damages. Underlying Action, Count 8, para 63.

8. The Saybrook also filed suit in the Underlying Action against PAC Group, LLC (hereinafter "PAC"), the general contractor on the renovation, claiming, that PAC breached its contract by failing to provide a fully functional and operational HVAC system. Underlying Action, Count 1, para 23.

9. As in the allegations against County Wide, The Saybrook also claimed PAC breached its contract causing damages. Underlying Action, Count 1, para 24.

10. In turn, PAC filed a two-count Cross Claim against County Wide Mechanical in two counts claiming Contractual Indemnification and Breach of Contract.

11. Despite demand, Regent Insurance Company has denied its obligation to defend County Wide against either the allegations of the Underlying Action and/or the PAC Cross-Claim.

12. Regent's insurance policy is a contract of adhesion.

13. In deciding whether or not to grant County Wide's request for a defense against the allegations of the Underlying Action and/or the PAC Cross-Claim , Regent has a duty to construe County Wide's policy in a manner most favorable to the granting of coverage.

14. In deciding whether or not Regent has a duty to defend County Wide against the allegations in the Underlying Action, and/or the PAC Cross-Claim, Regent is limited to a reading of the Complaint filed in the Underlying Action itself and PAC's Cross-Claim and cannot rely on any facts outside these pleadings in determining whether to deny its duty to defend.

15. In deciding whether or not to grant County Wide's request for a defense against the allegations of the Underlying Action and the PAC Cross-Claim, Regent must provide a defense even if the allegations create only the possibility of coverage.

16. On February 6, 2020, Regent issued a denial of any obligation to defend County Wide against the claims brought by The Saybrook in the Underlying Action. See, Exhibit A. Despite Regents assertions to the contrary:

a. the Underlying Action alleges an "Occurrence" as defined by its policy sufficiently to trigger its duty to defend .

b. the Underlying Action sufficiently alleges damage that could be "property damage" as defined by its policy.

17. By the same denial letter, Regent denied any obligation to defend County Wide against the claims brought by PAC in its Cross-Claim even though the allegations are sufficient to trigger Regent's duty to defend County Wide.

18. Pursuant to the terms of the Regent policy, Regent owed a duty to County Wide to provide them with a defense against the Underlying Action as well as the PAC Cross-Claim.

19. Despite demand, Regent Insurance Company has wrongfully denied its obligation to provide County Wide with a defense to either the allegations of the Underlying Action and/or the PAC Cross-Claim.

20. Regent's refusal, neglect, and failure to defend County Wide and to accept its indemnification responsibilities constitutes a breach of the Regent policy.

21. Regent's wrongful denial has damaged County Wide in that it has incurred, and is continuing to incur, legal costs and expenses in its defense of the Underlying Action and the PAC Cross-Claim.

22. Regent's wrongful denial has damaged County Wide in that it is exposed to damages arising from the Underlying Action and the PAC Cross-Claim when such exposure for legal liability should be covered by the Regent policy.

## SECOND COUNT - BREACH OF DUTY OF GOOD FAITH

21. Paragraphs 1-22 are hereby incorporated by reference as paragraphs 1-22 of this, the Second Count

23. As the insurer and based on the Regent policy, Regent owes County Wide a duty of good faith and fair dealing, by which Regent must deal honestly and in good faith.

24. Regent's decision to deny County Wide's claim for defense and/or indemnification despite their compliance with all the conditions of the policy was in bad faith.

25. Regent's analysis of the application of its policy to the alleged facts in the Underlying Action and the PAC Cross-Claim is completely inconsistent with the expectation of a policyholder and the plain reading of the policy.

26. Regent's analysis of the application of its policy to the alleged facts in the Underlying Action and the PAC Cross-Claim is in complete disregard of its obligations as an insurer doing business in Connecticut, and is completely inconsistent with the expectation of a policyholder and the plain reading of the policy.

27. Regent's decision to deny coverage is specious, intended to deprive County Wide of policy benefits and is not based on a good faith application of the Regent policy to the facts as alleged in the Underlying Action and/or the PAC Cross-Claim.

28. Regent's denial is motivated by Regent's desire to avoid its own costs, expenses and loss payments and is intended to advance its own interests at the expense of County Wide.

WHEREFORE, the Plaintiff claims and demands:

1. Monetary damages;

2. Costs; and Legal fees.

3. Such other and further relief as this Court deems just and proper.

THE PLAINTIFF,
COUNTY WIDE MECHANICAL SERVICES LLC

By__404695_____
Steven A. Ouellette
William C. Charamut Attorney at Law LLC
1208 Cromwell Avenue
Rocky Hill, CT 06067

Tel. No: (203) 376-3230
Firm Juris #: 440408

# EXHIBIT A



P. O. Box 975
Sun Prairie, WI 53590

February 6, 2020

Cheryl K. Byrne
Ken Byrne Jr.
County Wide Mechanical Services
31 Deming Road
Berlin, CT 06037

VIA US Mail and EMAIL: cheryl@cwms-ct.com; ken@byrne-brothers.com

| | |
|---|---|
| Insuring Company: | Regent Insurance Company |
| Insured: | County Wide Mechanical Services, Inc. |
| Claimant: | MCAP SABINE POINTE LLC D/B/A THE SAYBROOK AT HADDAM |
| Policy No: | CCX0807071, effective 3/5/2014 to 3/5/2015, renewal through 3/5/2016, cancelled 3/23/15 |
| QBE Claim No: | 723857N |

Dear Ms. Byrne and Mr. Byrne:

QBE Americas Inc. is the authorized representative of Regent Insurance Company ("Regent"), which issued Policy No. CCX0807071, effective 3/5/2014 to 3/5/2015, with renewal through 3/5/2016, but cancelled 3/23/15 (the "Policies") to County Wide Mechanical Services, Inc. ("County Wide"). As you are aware, I am the claims professional handling this claim, and all future correspondence should be directed to my attention. If you are not the appropriate individual to whom this letter should be addressed, please let me know the appropriate individual and I will send this letter to that person instead.

This letter is to advise you of Regent's position concerning insurance coverage with respect to the claim for alleged damage to an assisted living and memory care facility known as The Saybrook at Haddam, located at 1556 Old Saybrook Road, Haddam, Connecticut (the "Claim"). We value you as a customer and appreciate your business. For the reasons discussed below, Regent regrets to inform you there is no coverage afforded under the Regent policies for this claim. If you have any other insurance you believe should respond to this matter, you should report this to them immediately. We do not have an understanding whether your other carrier(s) has/have undertaken an investigation for this claim.

In considering the request for coverage, we have reviewed the Policies, and the allegations made in the Claim and the information available to us. The Policies' relevant terms are quoted herein for convenient review. Kindly refer to the Policies for complete terms and conditions. To the extent any of the quoted policy terms or provisions herein differ from the language contained in the Policies, the Policies controls. No other insurance policies were considered. If you assert a right to coverage under another policy issued by

1

Regent or any QBE North America member company, please submit notice pursuant to the notice provisions contained in that policy.

We expect you may have questions regarding our position after reading this letter. Please feel free to contact me with any questions you may have.

## RELEVANT FACTUAL BACKGROUND

The following information we obtained from the Complaint. This matter involves the an assisted living and memory care facility known as The Saybrook at Haddam, located at 1556 Old Saybrook Road, Haddam, Connecticut (the "Facility"). In November 2013, The Saybrook contracted with Defendant PAC Group, LLC ("PAC Group") to build a new addition at the Facility, including the installation of an HVAC system. An LG Electronics Multi-V Variable Refrigerant Flow HVAC system was purchased from Defendant LG Electronics U.S.A., Inc. ("LG") for more than $220,000 and installed in the Facility (the "HVAC System"). The HVAC System was distributed by Defendant R.A. Novia & Associates, LLC ("R.A. Novia"). PAC Group entered into an agreement with Defendant County Wide, an authorized LG contractor, to install the HVAC System. County Wide entered into an agreement with A-I Services, Inc. ("A-I Services"), as the commissioning start-up contractor for HVAC System.

The Complaint alleges that the HVAC System was first put into service on or about November 14, 2014, there have been at least seven critical failures of the HVAC System, and, as a result of the failures, The Saybrook has replaced multiple compressors in the HVAC System and several circuit boards, valves and other components. During extended periods in which the HVAC System was inoperable and Defendants were unable to diagnose issues, remedy their failures, or provide a properly functioning HVAC System, The Saybrook incurred considerable costs supplying temporary heating/cooling to the residents and staff of the Facility.

Count 8 of the Complaint for **Breach of Contract** alleges that County Wide failed to fulfill its obligation to properly install the HVAC System, which caused or contributed to its multiple failures and inefficiency. The Complaint alleges that as a result of County Wide's failures, The Saybrook has suffered damages (**emphasis added**).

Thereafter, Defendant/Crossclaim Plaintiff, PAC Group, LLC ("Crossclaim Plaintiff") filed a Cross-Complaint against County Wide. Count 1 of the Cross-Claim against County Wide is for Contractual Indemnification. It alleges that County Wide failed to defend and/or indemnify Crossclaim Plaintiff in connection with this action. Count 2 of the Cross-Claim against County Wide is for Breach of Contract.

## THE POLICIES

The Policies provide Commercial General Liability coverage in the amount of $ 1 million per occurrence and $ 2 million in the aggregate. Relevant here, the Policies provide as follows:

**SECTION I – COVERAGES**
**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**

    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty

to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

(1) The amount we will pay for damages is limited as described in Section III – Limits Of Insurance; and

(2) Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B**.

b. This insurance applies to "bodily injury" and "property damage" only if:

(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

(2) The "bodily injury" or "property damage" occurs during the policy period; and

(3) Prior to the policy period, no insured listed under Paragraph **1.** of Section II – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

\* \* \* \* \* \* \* \*

2. **Exclusions**

This insurance does not apply to:

\* \* \* \* \* \* \* \*

**j. Damage To Property**

"Property damage" to:

\* \* \* \* \* \* \* \*

(5) That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

(6) That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

Paragraphs **(1)**, **(3)** and **(4)** of this exclusion do not apply to "property damage" (other than damage by fire) to premises, including the contents of such premises, rented to you for a period of seven or fewer consecutive days. A separate limit of insurance applies to Damage To Premises Rented To You as described in Section III – Limits Of Insurance.

Paragraph **(2)** of this exclusion does not apply if the premises are "your work" and were never occupied, rented or held for rental by you.

Paragraphs **(3)**, **(4)**, **(5)** and **(6)** of this exclusion do not apply to liability assumed under a sidetrack agreement.

Paragraph **(6)** of this exclusion does not apply to "property damage" included in the "products-completed operations hazard".

3

\* \* \* \* \* \* \* \*

k. **Damage To Your Product**

"Property damage" to "your product" arising out of it or any part of it.

l. **Damage To Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

m. **Damage To Impaired Property Or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

(1) A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

\* \* \* \* \* \* \* \*

n. **Recall Of Products, Work Or Impaired Property**

Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

(1) "Your product";

(2) "Your work"; or

(3) "Impaired property";

if such product, work, or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

\* \* \* \* \* \* \* \*

**SECTION V – DEFINITIONS**

\* \* \* \* \* \* \* \*

8. "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

  a. It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

  b. You have failed to fulfill the terms of a contract or agreement;

  c. if such property can be restored to use by the repair, replacement, adjustment or removal of "your product" or "your work" or your fulfilling the terms of the contract or agreement.

\* \* \* \* \* \* \* \*

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

\* \* \* \* \* \* \* \*

17. "Property damage" means:

  a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

   b.  Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

* * * * * * * *

**21.** "Your product":
- **a.** Means:
    - **(1)** Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:
        - **(a)** You;
        - **(b)** Others trading under your name; or
        - **(c)** A person or organization whose business or assets you have acquired; and
    - **(2)** Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.
- **b.** Includes:
    - **(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and
    - **(2)** The providing of or failure to provide warnings or instructions.
- **c.** Does not include vending machines or other property rented to or located for the use of others but not sold.

**22.** "Your work":
- **a.** Means:
    - **(1)** Work or operations performed by you or on your behalf; and
    - **(2)** Materials, parts or equipment furnished in connection with such work or operations.
- **b.** Includes:
    - **(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and
    - **(2)** The providing of or failure to provide warnings or instructions.

* * * * * * * *

<u><strong>COVERAGE POSITION</strong></u>

The Policies provide coverage for those sums the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" that occurs during the policy period and is caused by an "occurrence." The "property damage" must occur during the policy period. In this Claim, based upon the Complaint and Cross-Complaint, there is no "occurrence", as defined by the Policies, that has resulted in "property damage" as defined by the policies. Even though the word "damages" appears within Count 8 as against County Wide, in that the cause of action is Breach of Contract, these "damages" are solely pecuniary. As such, there is no coverage under the Regent policies.

The Policies exclude coverage for "property damage" to that particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations. This exclusion will apply if the damage arose during the construction of the project. Regent reserves the right to disclaim coverage if the damage occurred during construction. Under this exclusion, even if there was an "occurrence" that resulted in "property damage" during the policy period, this exclusion will apply to the Claim as it is alleged that County Wide entered into an agreement with A-I Services, Inc. as the commissioning start-up contractor for HVAC System.

5

The Complaint alleges that A-I Services failed to fulfill its obligation to properly start-up the HVAC System, which contributed to or caused its multiple failures and inefficiency.

The Policies exclude coverage for "property damage" to "your product", arising out of it, or any part of it. This exclusion applies to damage to the product and work performed by County Wide. There is no coverage to repair or replace the product structure under the Policies. Regent disclaims coverage for the alleged damage to the product and other work performed by County Wide.

The Policies exclude coverage for "property damage" to "your work" arising out of it, or any part of it. This exclusion applies to damage of the work performed by County Wide. There is no coverage to repair or replace the work performed by County Wide. Regent disclaims coverage to all damage asserted by County Wide that involves "your work".

The Policies exclude coverage for "property damage" to "impaired property" or property that has not been physically injured arising out of a defect, deficiency, or inadequacy in "your work" or "your product. Regent disclaims coverage for property that is not physically injured.

The Policies exclude coverage for damages for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of "your work" or "your product" or "impaired property."

The claims asserted by County Wide do not meet the definition of "personal and advertising injury", therefore Coverage B – Personal and Advertising Injury Liability does not apply.

There are additional provisions, exclusions, etc. referenced throughout the Policies. Regent does not provided those herein as there is no coverage relative to the above. However, Regent reserves the right to do so in the future if and when the need to provide same arises.

## CONCLUSION

For the reasons discussed above, the Policy does not provide coverage for this Claim. Regent therefore denies coverage for this Claim under the Policies.

Regent's coverage position is based on the information presently available to us. Neither this letter nor Regent's investigation is or should be construed as a waiver of any terms, conditions, exclusions or other provisions of the Policies or any other policies of insurance issued by Regent or any other QBE North America member company Regent expressly reserves all of its rights under the Policies, at law, and in equity, including, but not limited to, the right to assert additional defenses to any claims for coverage and to modify its coverage position if subsequent information indicates that such action is warranted.

6

Should you have any additional information you feel would either cause us to review our position or would assist us in our investigation or determination, we ask you advise us as soon as possible. If you wish to have your personal attorney become involved in this matter, at your own expense, please feel free to do so and we will cooperate fully with your attorney.

In closing, allow me to reiterate we value you as a customer and encourage you to contact us if you have any questions or concerns regarding the contents of this letter. You can reach me at (949) 471-5006 x 125006 or Vadim.Veksler@us.qbe.com. Thank you for your cooperation in this matter.

Very truly yours,

*Vadim Veksler*

Vadim Veksler
Senior Claims Technical Specialist
Vadim.Veksler@us.qbe.com

cc:     Marnie Evans
        mevans@evans-insurance.com

# Return of Service

County of New Haven

Ss Hartford

Date of Service 6/30/20

Case: **County Wide Mechanical Services, LLC v Regent Insurance Company**

There and by virtue hereof and by direction of the plaintiff, I left a true and attested copy of the within original Exhibit A, writ, summons & complaint withe the Insurance commissioner of the State of Connecticut as statutory agent for service for the defendant **Regent Insurance Company.**

The within is the original with my doings hereon endorsed.

ATTEST:

Joseph Marinan, State Marshal

| Service | $40.00 |
|---|---|
| Endorsements | $0.80 |
| Copies | $18.00 |
| Travel | $32.20 |
| Total | $91.00 |

State Marshal Joe Marinan PO Box 72 Meriden Ct 06450 203-213-5535 marinan77@comcast.net

# WITHDRAWAL
JD-CV-41 Rev. 1-18

**ADA NOTICE**
The Judicial Branch of the State of Connecticut complies with the Americans with Disabilities Act (ADA). If you need a reasonable accommodation in accordance with the ADA, contact a court clerk or an ADA contact person listed at www.jud.ct.gov/ADA.

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
*www.jud.ct.gov*

Docket number
**MMX-CV-20-6028740-S**

Return date (*For Civil and Housing cases only*)
**Aug-04-2020**

Answer date (*For Small Claims cases only*)

**Instructions:**
1. Complete this form by selecting any applicable withdrawal categories below.
2. File with the clerk.

Name of case (*First-named Plaintiff vs. First-named Defendant*)
**COUNTY WIDE MECHANICAL SERVICES, LLC  v. REGENT INSURANCE COMPANY Et Al**

[X] Judicial District  [ ] Housing Session

Address of court (*Number, street, town and zip code*)
**1 COURT STREET MIDDLETOWN, CT 06457-3374**

## Dispositive (Complete) Withdrawal
*(Do not check the following two boxes if any intervening complaints, cross complaints, counterclaims, or third party complaints remain pending in this case. See below for partial withdrawal of action.)*

(WDACT) [ ] The Plaintiff's action is WITHDRAWN AS TO ALL DEFENDANTS without costs to any party.

(WOARD) [ ] A judgment has been rendered against the following Defendant(s): _____
and the Plaintiff's action is WITHDRAWN AS TO ALL REMAINING DEFENDANTS without costs.

## Partial Withdrawal
**The following pleading(s), motion(s) or other paper(s) in the case named above is or are withdrawn:**

(WDCOMP) [ ] Complaint  
(WOC) [ ] Counterclaim  
(WDCC) [ ] Cross Complaint (cross claim)  
(WDCOUNT) [ ] Counts of the complaint: _____

(WAPPCOM) [ ] Apportionment Complaint  
(WDINTCO) [ ] Intervening Complaint  
(WDTHPC) [ ] Third Party Complaint  

(WOAAP) [ ] Plaintiff(s): _____

(WOAAD) [X] Complaint against defendant(s): **D-02 CONNECTICUT INSURANCE COMMISSIONER** only without costs

(WOM) [ ] Motion: _____
[ ] Other: _____

## Signature of Filer(s)

| Party | By | |
|---|---|---|
| **P-01 COUNTY WIDE MECHANICAL SERVICES, LL** | **WILLIAM C CHARAMUT ATTORNEY AT LAW LLC** | Attorney or Self-represented party |
| | | Attorney or Self-represented party |
| | | Attorney or Self-represented party |
| | | Attorney or Self-represented party |

Name & Address of Filer(s): ▶ **STEVEN ANTHONY OUELLETTE**
**1208 Cromwell Ave., Rocky Hill, CT 06067**

## Certification
I certify that a copy of this document was or will immediately be mailed or delivered electronically or non-electronically on (date) **Jul-7-2020** to all attorneys and self-represented parties of record and that written consent for electronic delivery was received from all attorneys and self-represented parties of record who received or will immediately be receiving electronic delivery.

Name and address of each party and attorney that copy was or will be mailed or delivered to*
**No Service Required**

*For Court Use Only*

*If necessary, attach additional sheet or sheets with name and address which the copy was or will be mailed or delivered to.

Signed (*Signature of filer*) ▶ **404695**

Print or type name of person signing
**STEVEN ANTHONY OUELLETTE**

Date signed
**Jul-7-2020**

Mailing address (*Number, street, town, state and zip code*)
**1208 CROMWELL AVE CROMWELL, CT 06067**

Telephone number
**860-883-4067**